IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARVIN ATKINS, # R-33561,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  )<br>vs.  )<br>  )<br>VANDALIA CORRECTIONAL CENTER )<br>and THE ILLINOIS DEPARTMENT  )<br>OF CORRECTIONS,  )<br>  )<br>  Defendants.  ) | Case No. 12-cv-955-MJR |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, who was recently discharged from the Vandalia Correctional Center ("Vandalia") on mandatory supervised release (Doc. 5), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined in Vandalia, and he filed this action while he was still incarcerated. Specifically, Plaintiff alleges that on November 7, 2011, a disciplinary report was written placing him into investigative segregation (Doc. 1, pp. 4, 9). He was held in segregation for two days, prior to being transferred to another institution on a felony writ to appear in court. Plaintiff claims that he was purposely moved to segregation in order to prevent him from having access to his personal legal materials or to the law library, so that he could not properly prepare for the November 17, 2011, court appearance. Upon his return to Vandalia following the court appearance, he discovered that items were missing from his personal property box. Plaintiff seeks monetary damages for the "cruel and unusual punishment" of being unnecessarily placed in segregation, and requests reimbursement for his missing property.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After a thorough examination of the complaint, the Court finds that this action is subject to summary dismissal pursuant to § 1915A.

Plaintiff's two-day placement in investigative segregation does not give rise to any constitutional claim. Illinois statutes and correctional regulations do not place limitations on the discretion of prison officials to place inmates in administrative segregation, including investigative or temporary lockdown or confinement and involuntary protective custody; accordingly, there is no liberty interest implicated by an inmate's placement in these forms of segregation. *Williams v. Ramos*, 71 F.3d 1246, 1248-49 (7th Cir. 1995) (no deprivation of liberty interest for extra 19 days spent in segregation, regardless of whether that time was classified as administrative, investigative, or disciplinary in nature, because conditions were the same in each type); *Pardo v. Hosier*, 946 F.2d 1278, 1281-84 (7th Cir. 1991) (no liberty interest implicated where inmate was placed in investigative/administrative segregation for total of 18 days; regulations governing placement in administrative segregation did not create a liberty interest in remaining in general population); *Kellas v. Lane*, 923 F.2d 492, 494-95 (7th Cir. 1991) (no deprivation of liberty interest when inmate was segregated in involuntary protective custody for an indefinite duration); *see generally Sandin v. Conner*, 515 U.S. 472, 483 (1995); *Hewitt v. Helms*, 459 U.S. 460 (1983). In Plaintiff's case, it is clear from his complaint and the attached documentation that his segregation placement was investigative only. He was not put in segregation as a disciplinary measure, despite the fact that an "Offender Disciplinary Report" form was used to initiate the move (Doc. 1, p. 9). Accordingly, this portion of Plaintiff's claim shall be dismissed.

Likewise, Plaintiff has failed to state a claim for denial of access to the courts.

Although he asserts that he was not given access to his legal materials or to the law library for the two days prior to his departure on the court writ, he fails to point to any detriment he suffered as a result. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *see also Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall*, 445 F.3d at 968. Plaintiff does not make a single allegation which would describe an actual or potential limitation on his access to the courts. Thus, he has no constitutional claim.

Plaintiff's final claim is for reimbursement equal to the value of his missing personal property. The only constitutional right that might be implicated by this loss is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). Accordingly, Plaintiff cannot

maintain this claim in federal court.

**Pending Motions**

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3) was filed while he was still an inmate. Based on his motion and affidavit, the Court finds that he is indigent and unable to pay the full filing fee in advance; therefore, leave to proceed IFP is **GRANTED**. However, Plaintiff failed to provide the full 6 months of his prison trust fund account statements, for the period of January 2, 2012, through July 2, 2012. Therefore, the Clerk is **DIRECTED** to request the required statements from the Trust Fund Officer at Vandalia. Following the receipt of that information, an order shall issue for the payment of the initial partial filing fee as outlined in 28 U.S.C. § 1915(b)(1).

Plaintiff was a prisoner when he filed this action. Therefore, he is obligated to pay the entire filing fee under § 1915(b)(1), which provides: "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." *See Robbins v. Switzer*, 104 F.3d 895, 897 (7th Cir. 1997). Section 1915(b)(1) further establishes that a prisoner must *pre*pay the filing fee in accordance with a statutory schedule based upon transactions in his prison trust fund account. Plaintiff's current released status does not change the fact that he was a prisoner when he brought this case. *See Robbins*, 104 F.3d at 898. He "is liable for the whole fee (just like everyone else who proceeds IFP), and must prepay according to the statutory schedule." *Id*.

Although Plaintiff remains obligated to pay the full filing fee, the collection mechanism contained in § 1915(b)(2) is inapplicable because Plaintiff is no longer incarcerated. In order to enable the Court to evaluate Plaintiff's current resources and determine whether to defer collection of the remainder of the unpaid fee, **Plaintiff is ORDERED** to submit a new

motion for IFP **within 21 days** of the entry of this Order (on or before **October 1, 2012**). This motion shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail Plaintiff a blank form motion and affidavit to proceed without prepaying fees or costs.

**Plaintiff is further ORDERED** to inform this Court if he is returned to the custody of the Illinois Department of Corrections or any county or municipal jail, by filing a notice of change of address **within 7 days** of entering such custody. Should Plaintiff be incarcerated in the future, the collection mechanism established under § 1915(b)(2) shall apply to the payment obligation that Plaintiff incurred by filing this action.

Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED AS MOOT.**

**Disposition**

For the reasons stated above, this action is **DISMISSED** with prejudice**.**

Plaintiff is advised that the dismissal of this action shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable regardless of the dismissal of the case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after any change in address occurs. Failure to comply with this order will cause a delay in the

transmission of court documents.

    **IT IS SO ORDERED.**

    **DATED:  September 10, 2012**

                                             *s/ Michael J. Reagan*
                                             Michael J. Reagan
                                             United States District Judge